## STEWART v. BARKER DELIVERY SERVICE, Inc.
### No. 4904.

Court of Appeal of Louisiana.
Second Circuit.
Jan. 9, 1935.

Morris Shapiro, of Alexandria, for appellant.

Hugh M. Wilkinson and A. Miles Coe, both of New Orleans, and Chas. L. Mayer, of Shreveport, for appellee.

TALIAFERRO, Judge.

The Chevrolet coupé of C. M. Richard, in which he, his wife, their minor son, and plaintiff were riding, while going south on Monroe street in the city of Alexandria, La., ran into the rear end of a trailer, attached to a truck of defendant, operated at the time by its employee, Sam Thompson, in or near the intersection of Monroe street and Sixth street. The collision occurred in the nighttime, during a drizzling rain. Plaintiff, alleging herself to have been a guest in the Richard coupé, brings this suit against defendant, the owner of the truck and trailer, to recover damages for the injuries received by her as an incident to the collision.

Monroe street is about 30 feet wide, and runs northerly and southerly. It is crossed by Sixth street at right angles. The negligence charged to defendant's driver is that he suddenly and without warning backed the truck and trailer out of Sixth street, into the west side of Monroe street, athwart the path of travel of the Richard car, alleged to have been moving at the rate of 15 miles per hour on its side of the street, thereby creating a condition out of which it was impossible to avert the collision. It is further alleged that, when Richard perceived the emergent situation he was in, caused by the sudden backing of the truck and trailer into Monroe street, he attempted to bring his car to a stop by application of the brakes, but, as the street surface was slippery, the coupé skidded and ran into the trailer's rear end.

It is further charged that defendant's truck driver, at the time and place of the accident, violated a law of the city of Alexandria, which prohibits the backing of, or the making of a complete turn by, any motor-propelled vehicle at or in street intersections. The violation of this law, it is alleged, was the sole cause of said accident.

Defendant denies that the collision was due to any negligence or carelessness on the part of its employee, and avers that its truck, just prior to the accident, had been traveling north on the east side of Monroe street, and its operator, desiring to reverse his course of travel, passed Sixth street, brought the machine to a stop, and then slowly proceeded to back the truck and trailer into Sixth street, east of the intersection, and then crossed to the west side of Monroe street and had "straightened out," heading south, when the coupé ran into the trailer. It is specifically averred that the collision was caused solely by the negligence and

carelessness of Richard, the operator of the coupé, in these particulars, viz.:

"In driving at a speed which, under the circumstances, was grossly careless, reckless and negligent, and in excess of the speed permitted by the Traffic Ordinance of the City of Alexandria;

"In driving a Chevrolet coupé with four or five people seated on one seat;

"In driving said Chevrolet coupé after dark without proper headlights;

"In driving said coupé with defective brakes and without a windshield wiper;

"In not keeping a proper lookout for other vehicles on said street;

"In failing to see said truck when it emerged from Sixth street into Monroe, and if he did see it, in failing to slacken his speed or apply his brakes in time to avoid the accident;

"In running the said Chevrolet coupé in the car tracks at the time, under the circumstances, with his wheels running directly on the rails instead of maintaining a position to the right of said rails;

"In not reducing his speed and being extra cautious in approaching Sixth street when he saw or should have seen that the city street light was not burning;

all of which facts were known to the plaintiff, and no protest was ever raised by her to the action of the driver of said Chevrolet coupé at any time."

In the alternative, should it be found that its truck driver was negligent or careless to any extent, it is alleged that plaintiff's own contributory negligence in these respects, viz. " * * * by permitting herself to be driven in said Chevrolet coupé with three or four other occupants, or with more than a safe load therein, and by not objecting to the manner in which said Chevrolet coupé was being driven, or by not warning the driver of said Chevrolet coupé to cease his reckless driving, or permitting herself to be driven in said coupé by a driver who she knew at the time was not competent to safely drive said automobile, and that the negligence of said driver, as above described, is imputed to the plaintiff, which imputed negligence, in addition to the negligence of the plaintiff, herself, constitute contributory negligence which was the direct and proximate cause of the accident, without which there would have been no accident and plaintiff would have received no injuries," bars recovery by her.

Plaintiff appealed from an adverse judgment in the lower court.

There is sharp controversy between the witnesses on each side as to the movements of the truck and trailer immediately prior to the collision, and as to its position in Monroe street or the intersection when struck by the Richard car. Plaintiff and Richard testified that the truck and trailer were backing easterly across Monroe street when the collision occurred; that Richard's coupé, in the efforts to bring it to a stop or go around the trailer, skidded into its rear end; that the coupé was traveling on its side of the street at the rate of 15 or 18 miles per hour. Richard says he was 30 or 40 feet from the trailer when he first saw it, and that it was over halfway across Monroe street when the collision occurred. Plaintiff says the same thing. Mrs. Richard says the truck was going forward when the collision occurred, and that she saw it when the coupé was half a block from the intersection, before the truck entered Monroe street. She is positive the truck and trailer blocked the entire width of Monroe street when the accident happened, and that their entry into that street was sudden.

We are quite certain that plaintiff and her witnesses are in error in several material respects in relating the facts of this collision. They say the truck and trailer backed easterly on Sixth street into Monroe street. We do not think so. The operator of the truck, corroborated by two eyewitnesses, wholly disinterested, so far as the record discloses, says he backed from the east side of Monroe street into Sixth street, then came forward and had gained the west side of Monroe street, headed south, when the collision occurred. To some extent this version of the situation is corroborated by Mrs. Richard, who says the truck was moving forward when the accident happened. Surely, it would have been the natural and prudent course for the truck's driver to have backed from his own side of Monroe street (since he was traveling north) into Sixth street, and not to have made a left turn across that street into Sixth street on the west side, in the desire to reverse his course on Monroe street. Then there is strong physical evidence which supports defendant's version of the matter and negatives that of plaintiff and her witnesses. The Richard car was damaged on its right-hand side. The rear end, not the side, of the trailer was impacted with. Had the trailer been athwart Monroe street, as contended by plaintiff, contact between the two vehicles could not have been

in this manner. If the trailer had been on its side of the street, as we think it was, and its presence discovered by Richard when only 30 or 40 feet therefrom, as he and plaintiff say was the case, it is obvious the contact between the vehicles, due to Richard's efforts to avert a collision by cutting his car suddenly to his left, could have, and did, happen in the manner established by the testimony and not seriously denied by plaintiff. If the truck and trailer had blocked travel on the street, the Richard car would have side-swiped one or the other of them.

Without further analyzation of the testimony of the witnesses in the case, we have concluded, and will say, that the accident happened in the manner and from the causes pleaded by defendant. Richard's car was crowded, four persons occupying its only seat, including plaintiff. The night was dark and a drizzling rain was falling. The car was traveling at a rate of speed in excess of the maximum of 18 miles per hour testified to by Richard and plaintiff, and he was inattentive to the situation ahead of him. He discovered the presence of the trailer, on its proper side of the street, too late to avoid colliding with it; the slippery street surface contributing to some extent to his inability to do so. This is the version of the matter given by the two distinterested witnesses of defendant, who were close to the scene at the time and were in position to see and observe what they say they did see and observe. We presume the lower court appreciated the testimony as we do.

Judgment affirmed.